**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

KAPITUS SERVICING, INC.,

     Plaintiff,                         Case No. 3:26-cv-315

v.                                   Case No. CL25008841-00
                                       in the Circuit Court for Chesterfield
MARQUE DENTAL LABORATORY, LLC     County, Virginia
and MICHAEL LUKES,

     Defendants.

_____/

## <u>NOTICE OF REMOVAL</u>

Come now Marque Dental Laboratory, LLC ("Marque") and Michael Lukes ("Mr. Lukes") (collectively, the "Defendants," and each a "Defendant"), by and through undersigned counsel, pursuant to section 1441 and 1446 of title 28 of the United States Code, and hereby give notice of the removal of the above-captioned matter from the Circuit Court for Chesterfield County, Virginia to the United States District Court for the Eastern District of Virginia, and in support thereof note as follows:

1.     This is a civil action for breach of contract, commenced in the Circuit Court for Chesterfield County, Virginia on or about September 15, 2025.

2.     The Defendants both first learned of this action on April 14, 2026, when counsel for Kapitus Servicing, Inc. ("Kapitus" or the "Plaintiff") sent a copy of the complaint (the "Complaint"), via e-mail, to the Defendants' undersigned counsel.

3.     Though there appears to be some indication, on the state court docket, that service was effectuated—or attempted to be effectuated—through a statutory agent, on or about November 10, 2025, such does not constitute service for purposes of calculating the timeliness of removal.

1

*See, e.g.*, *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) (. . . service on a statutory agent is not service on the defendant within the meaning of § 1446(b).").

4.    Consistent with service upon a statutory agent not constituting service for purposes of calculating the timeliness of removal, the Defendants do not presently possess any summons(es) issued in this matter or any copies of affidavits of service—though they are aware a state court docket sheet suggests affidavits of service to have been filed—and the Defendants accordingly do not append such documents hereto insofar as such documents have not, as of present, been "served upon such defendant or defendants. . ." 28 U.S.C. § 1446(a).

5.    Upon information and belief, the Plaintiff is a corporation organized pursuant to the laws of the Commonwealth of Virginia.

6.    Upon information and belief, the Plaintiff's principal place of business is within the Commonwealth of Virginia.

7.    Mr. Lukes is a natural person who is a citizen of the State of Minnesota by virtue of his maintenance of a primary domicile therein.

8.    Marque is a North Dakota limited liability company, the only member of which is Mr. Lukes.

9.    Marque is accordingly citizen of the State of Minnesota for purposes of establishing diversity jurisdiction. *See*, e.g*., Real Time Med. Sys., Inc. v. PointClickCare Techs., Inc.*, 131 F.4th 205, 220 n.6 (4th Cir. 2025) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]") (quoting *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)).

2

10.     The Complaint seeks judgment in the sum of One Hundred Forty Six Thousand Five Hundred Twenty Seven Dollars and Seventy Five Cents ($146,527.75), which is a sum in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00).

11.     This matter is accordingly within the original jurisdiction of this Honorable Court. 28 U.S.C. § 1332(a).

12.     While it is not clear if either of the Defendants have been properly served in this action, both Defendants affirmatively consent to removal and join in the filing of this notice of removal.

13.     Less than one year has elapsed since this case was initiated in state court.

14.     Of even date with the docketing of this notice in the United States District Court for the Eastern District of Virginia, a copy is being sent—for filing—to the Clerk of the Circuit Court for Chesterfield County, Virginia.

15.     Notice of the removal of this case is being served on counsel for Kapitus (i) via first class mail, postage prepaid; and (ii) via e-mail.

16.     The Defendants have neither pleaded nor otherwise appeared in the state court prior to filing this notice of removal and, accordingly, will either "answer or present other defenses or objections," Fed. R. Civ. P. 81(c)(2), within 21 days of the filing of this notice of removal, Fed. R. Civ. P. 81(c)(2)(A).

*[Signature and Certificate of Service on Following Page]*

Respectfully submitted,

3

Dated: April 15, 2026

By: /s/ Maurice B. VerStandig
    Maurice B. VerStandig, Esq.
    Virginia Bar No. 81556
    The VerStandig Law Firm, LLC
    9812 Falls Road, #114-160
    Potomac, Maryland 20854
    Phone: (301) 444-4600
    Facsimile: (301) 444-4600
    mac@mbvesq.com
    *Counsel for Marque Dental Laboratory,*
    *LLC and Michael Lukes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2026, a copy of the foregoing was sent, via first class mail, postage prepaid, to:

Nhon H. Nguyen, Esq.
Nguyen | Ballato
2201 Libbie Avenue
Richmond, VA 23230
*Counsel for the Plaintiff*

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4