**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| **KAPITUS SERVICING, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARQUE DENTAL LABORATORY, LLC, and MICHAEL LUKES,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 3:26-cv-315** |

**<u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME</u>**

Plaintiff Kapitus Servicing, Inc. ("Kapitus"), by counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully moves this Court for entry of an order extending the time for Kapitus to file a reply in response to Defendants Marque Dental Laboratory, LLC and Michael Lukes's Memorandum in Opposition to Kapitus's Motion to Dismiss Marque's Counterclaim (Dkt. No. 25), for the reasons set forth below:

1. On September 14, 2026, Kapitus filed its Motion to Dismiss the Counterclaim filed by Marque. Dkt. No. 19.
2. On September 28, 2026, Marque timely filed its Response in Opposition to Kapitus's Motion. Dkt. No. 25.
3. Pursuant to Rule 7(F)(1) of the Local Rules of this Court, the deadline for Kapitus's Reply falls on Sunday, October 4, 2026.

4. Because this deadline falls on a Sunday, Rule 6(a)(2)(C) of the Federal Rules of Civil Procedure dictates that the deadline is continued to the next business day: Monday, October 5, 2026.

5. Counsel for Kapitus understands this to be the proper deadline for any reply memorandum that is to be filed.

6. However, out of an abundance of caution based on language in this Court's Pretrial Order (Dkt. No. 12) and Pretrial Schedule A (Dkt. No. 12-1), and to the extent Counsel has misinterpreted the Court's Orders, Kapitus respectfully requests an extension of time to Monday, October 5, 2026 to file its reply.

7. The Pretrial Schedule A states that if "any filing deadline set in this Schedule A or the Scheduling Order or a Pretrial Order falls upon a Saturday, Sunday, or holiday, service on the opposing counsel or party shall be on the last preceding business day." Dkt. No. 12-1, ¶ I(B)(1). That same provision states that the "papers so served shall be filed on the first business day following the Saturday, Sunday, or holiday." *Id.*

8. Schedule A further states that it "shall control over any perceived conflicting Local Rule or Federal Rule of Civil Procedure." *Id.* at ¶ I(A).

9. Schedule A sets deadlines for the filing of any motion for summary judgment and motion(s) in limine. It does not set deadlines for the filings of motions to dismiss or responses and replies to motions to dismiss.

10. Schedule A further states that "Local Rule 7 shall govern the filing of motions in this action, except where otherwise stated." Dkt. No. 12-1, ¶ II(A).

11. For the reasons outlined in Paragraphs 9 and 10, Kapitus understands that its reply is governed by Local Rule 7, and not Schedule A, and that its deadline for both filing and serving its reply should be Monday, October 5, 2026.

12. If, however, Kapitus is incorrect in this interpretation and calculation, then its reply is due today, October 2, 2026, by midnight. Such an interpretation would provide Kapitus only four full business days to prepare its reply.

13. Counsel for Kapitus has conferred with Counsel for Marque regarding this request for an extension of time and the reason for it. Marque (by its Counsel) has consented to the relief requested in this Motion, to the extent the relief is necessary.

14. The parties agree that Kapitus may file and serve its reply on Monday, October 5, 2026.

15. Federal Rule 6(b) provides this Court with the discretion to extend the time for an act to be done if such a request is made prior to the expiration of the original deadline upon a showing of good cause. Kapitus is making this Motion before the expiration of the potential earlier deadline.

16. Kapitus submits that this Motion is made out of an abundance of caution and to preserve her client's ability to file a reply (which it intends to do), and seeks only to extend the deadline for doing so by one calendar day. Given the four-day reply deadline that would otherwise result, combined with Counsel's full litigation calendar and a six-day default deadline for filing a reply, Kapitus submits that good cause exists for the filing of this Motion, to the extent it needs to be filed at all.

17. This Motion for an Extension of Time is made in good faith and is not filed for any improper purpose or merely for purposes of delay.

For the reasons set forth above, Kapitus respectfully moves this Court for either an order granting its request for an extension of time to file and serve its reply, making its deadline Monday, October 5, 2026, or entry of an order denying its Motion as moot and finding that its reply to be timely filed and served when it does so on Monday, October 5, 2026.

Dated: October 2, 2026.

Respectfully submitted,

**KAPITUS SERVICING, INC.**

*By Counsel*

/s/

Laura Maughan (VSB #87798)
Andrew Biondi (VSB #48100)
Sands Anderson, PC
919 E. Main Street, Suite 2300 (Zip 23219)
PO Box 1998
Richmond, VA 23218
(804) 648-1636 (Main)
(804) 783-7291 (fax)
lmaughan@sandsanderson.com
abiondi@sandsanderson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the CM/ECF users noted below:

Maurice B. VerStandig, Esq.
Virginia Bar No. 81556
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Marque Dental Laboratory, LLC and Michael Lukes*

/s/
Laura Maughan (VSB #87798)
Sands Anderson PC